### SILVERMAN et al. v. CINOFSKY.
### No. 53 C 1400.

United States District Court
N. D. Illinois.
Nov. 17, 1953.

Bernard S. Neistein and Lester Slott, Chicago, Ill., for plaintiffs.

Alvin Edelman, Chicago, Ill., for defendant.

HOFFMAN, District Judge.

This is a suit by two tenants against their landlord charging violation of Section 205 of the Rent Act of 1947, 50 U.S.C.A.Appendix, § 1895, by the extraction of unlawful bonuses, on October 1, 1952, of $500 from the plaintiffs Silverman and Zeiger and $350 from the plaintiff Berrish. The complaint alleges that the defendant demanded and accepted from the plaintiffs Silverman and Zeiger $60.35 per month for the period Sep-

tember 1, 1950 to October 1, 1952, and $68.25 per month thereafter, for their apartment the maximum rent for which was $52.50, and that $37.50 per month was collected from the plaintiff Berrish for an apartment the maximum rent for which was $27.50. The plaintiffs Silverman and Zeiger prayed for judgment in the sum of $3,700, and the plaintiff Berrish asked judgment for $2,000.

The defendant alleges misjoinder of parties plaintiff and moves to have one or the other set of plaintiffs dropped from the action because they are tenants of different apartments, having nothing to do with each other. The defendant further takes the position that there is no common question of law or fact between them. The defendant has also moved to strike the complaint for a more definite statement on the ground that no date is given for the alleged bonus payment received from the plaintiff Berrish, and that the date of the bonus payment as to the other tenants was long after the date they are alleged to have taken possession of the apartment. The defendant complains of the allegation that the plaintiff Berrish was compelled to expend the sum of $75 for a stove, on the ground that her effort at relief in this connection should have been addressed to the appropriate administrative tribunal. The defendant raises a similar complaint to the allegation that the defendant failed to credit a full month's rental for decorating the apartments.

■ The defendant objects to the joinder of parties plaintiff on the ground that the complaint purports to allege two entirely separate causes of action for overcharges and bonuses on separate apartments, and contends that under Rule 21, Fed.Rules Civ.Proc. 28 U.S. C.A., one set of plaintiffs should be dropped.

In the case of Meyercheck v. Givens, 7 Cir., 180 F.2d 221, the court said at pages 222–223:

"Plaintiffs, *eleven* tenants, brought a joint action in a two-count complaint * * * to recover separate damages against the defendant for alleged wilful rent overcharges, together with reasonable attorney fees, * . * *.

"Defendant's contention relative to misjoinder of parties may also be disposed of in short order. A reading of Rule 20(a) and (b) * * makes it plain that a wide discretion is vested in the trial court relative to the joinder of parties, * *. More than that, it is not discernible how the asserted misjoinder was prejudicial to the defendant."

This case is ample authority for the validity of the joinder of parties plaintiff in the case at bar. These are relatively small claims involving short and similar periods of time, and the same building and landlord. No complicated accounting or involved relationships which might give rise to prejudice exist here. In fact, the defendant ought to welcome the consolidation in one cause of the complaints of the two tenants. The motion, therefore, to drop one set of plaintiffs is denied.

■ The defendant has also moved to strike various portions of the complaint for ambiguity, indefiniteness, and asserts further that the relief sought should have been first pursued before the appropriate administrative tribunal.

Such motions are not favored (Moore, Federal Practice, Vol. 2, p. 2317). Moore goes on to say:

"Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. Even if the allegations are redundant or immaterial, they need not be stricken if their presence in the pleading cannot prejudice the adverse party."

■ While it may be that the plaintiffs will not be able to recover the cost of the stove and the decorating, because a prior application to the administrative tribunal for a reduction of rent for decreased landlord services was not made, such allegation may have a bearing on the right to exemplary damages, or treble damages for the actual payments in excess of the maximum established rental.

The motion to strike the complaint or for a more definite statement is denied.