Janis Osvald DOMBROVSKIS, Tomislav Dragoievich, Bozidor Dunich, Ernest Vilhelms Elerts, Nikolo Grancaric, Sime Grancaric, Joso Grando, Mate Gregov, Krizan Ivanov, Slavko Jezina, Ljubo Komadina, Ivan Latkovic, Cesar Malesic, Sime R. Martinovich, Sime Materic, Joso Patrk, Svetko Petric, Ante Spaleta, Pere Stojak, Giovanni Stroligo, Sime Telac, Joseph Zuzich, Plaintiffs,

v.

John L. MURFF, District Director, Immigration and Naturalization Service, United States Department of Justice, Defendant.

United States District Court
S. D. New York.
July 2, 1959.

Edith Lowenstein, New York City, for plaintiffs.

S. Hazard Gillespie, Jr., U. S. Atty. for the Southern Dist. of New York, New York City, for defendant, Roy Babitt, Sp. Asst. U. S. Atty., New York City, of counsel.

HERLANDS, District Judge.

Plaintiffs, deportable alien seamen, move for leave to file an amended complaint under Rule 15(a) F.R.Civ.P., 28 U.S.C.A.

■ In November 1958, plaintiffs filed their original complaint alleging *inter alia* that they were illegally deprived of their right to be issued special non-quota visas pursuant to section 15 of the Act of September 11, 1957 (Public Law 85–316, 71 Stat. 639), 50 U.S.C.A.Appendix, § 1971a note. They claimed that the Departments of State and Justice had illegally agreed not to issue these special non-quota visas to persons who entered the United States as seamen. Plaintiffs have joined themselves in this one action under F.R.Civ.P. rule 20(a), alleging that their claim for relief arises out of the same transaction or occurrence or series of transactions or occurrences, and that there are common questions of law or fact to be adjudicated.

In the proposed amended complaint, the plaintiffs reallege as a first cause of action the substance of their claim for relief as stated in the original complaint. Plaintiffs now seek to include in the first cause of action the particular administrative steps taken by the defendant with respect to each of the plaintiffs' applications under section 15, and also the change in the regulations (amended on May 1, 1959) regarding the issuance of the special non-quota visas. This evidentiary matter, pleaded in conjunction with what is denominated the first cause of action in the proposed amended complaint, is not in keeping with the "notice" function of federal pleading. See rule 8, F.R.Civ.P. However, the allegations are harmless and they will be tolerated. See 2 Moore's Federal Practice (2d ed. 1948), para. 8.13, at pp. 1648–1650, 1652.

■ Defendant's most serious objection to the motion is directed at the proposed new second cause of action. Said new cause alleges that the plaintiffs were denied due process of law in that their applications for withholding of deportation under section 243(h) of the Immigration and Nationality Act [8 U.S.C.A. § 1253(h)] were prejudged, and that the applications were denied solely on the grounds that the plaintiffs entered the country as seamen. Ten plaintiffs had applied for relief under section 243(h); their applications were denied. The proposed new cause asserts that the prospective applications of nine other similarly situated plaintiffs, though not yet submitted, would have been denied on the same allegedly unconstitutional grounds. The proposed new second cause of action

incorporates the allegations of the first cause of action.

For the reasons set forth below, the motion for leave to amend is granted.

■ In liberally allowing amendments to the pleadings under rule 15, courts have consistently kept faith with the mandate of the rule that "leave should be *freely* given when justice so requires." (Emphasis supplied.) In the exercise of its discretionary power, the court is disinclined to deviate from this clear mandate and the general spirit of the Federal Rules [e. g., see rule 18(a) F.R.Civ.P.]. This is particularly so where there is no question of bad faith or delay on the part of the movants, and where the opposition has not demonstrated that it will be prejudiced if the amendment were allowed. See Russo v. Sofia Bros., Inc., D.C.S.D.N.Y.1941, 2 F.R.D. 80, 81; Fli-Fab, Inc. v. United States, D.C.D.R.I. 1954, 16 F.R.D. 553, 556; Bella v. Marine Transport Lines, Inc., D.C.S.D.N.Y.1956, 18 F.R.D. 410, 411; 3 Moore's Federal Practice, para. 15.08, pp. 828, 834, and cases there cited.

■ Under rule 15, a plaintiff may amend to state additional claims or a different theory upon which relief may be granted. Heay v. Phillips, 9 Cir., 1952, 201 F.2d 220, 222; Sabando v. Radmar Trading Corp., 21 Federal Rules Service, 15a.21, c. 2 (S.D.N.Y.1955). The restriction suggested by defendant—that the proposed new cause of action may not be predicated upon a theory different from the original cause—is inconsistent with the theory of joinder of claims in federal pleading (see rule 18, F.R.Civ. P.), and has not been followed under rule 15. See Szalkiewicz v. Farrell Lines, Inc., D.C.S.D.N.Y.1956, 142 F.Supp. 496, 498; 3 Moore's Federal Practice, para. 15.08, at pp. 830–831, and cases there cited.

■ Furthermore, where the proposed amendment is not on its face devoid of merit, this court will refuse to consider the legal sufficiency of the proposed amendment. Cravatts v. Klozo Fastener Corp., D.C.S.D.N.Y.1954, 16 F.R.D. 454, 455; Chutter v. KLM Royal Dutch Airlines, 20 Federal Rules Service 15a.21, c. 4 (S.D.N.Y.1954); and see Moore's Federal Practice, para. 15.08, p. 834, and cases there cited. This salutary practice will be followed where, as here, the first and proposed second cause of action presumably raise certain common factual and legal issues. Moreover, defendant has not shown any compelling reason for a piecemeal adjudication of those common issues.

■ Defendant finally contends that the proposed second cause of action cannot be asserted here because plaintiffs are seeking to assert a class claim that will not lie, and that joinder is not proper for the reason that the alleged deprivation of a constitutional right is personal to each plaintiff. The short answer to those contentions is (1) that the proposed second cause of action does not allege a class or representative right and (2) that prima facie and solely for purposes of the present motion the allegation—that the defendant, either alone, or as part of an illegal agreement, has denied plaintiffs' several constitutional rights by using unconstitutional procedures and standards in the consideration of their application for relief under section 243(h)—satisfies rule 20 F.R.Civ.P. See 3 Moore's Federal Practice, para. 20.05, p. 2720; Silverman v. Cinofsky, D.C.N.D.Ill.1953, 15 F.R.D. 122, 123.

This decision does not constitute a definitive finding that the claim for relief asserted in the proposed second cause of action is legally sufficient nor that the joinder of some or all of the plaintiffs in said cause is proper. Defendant, if so advised, may by appropriate motion raise those questions. See, e. g., rules 12 and 21 F.R.Civ.P.

Motion granted. This decision constitutes an order.