**Steve H. STOUT et al., Appellants,**

v.

**CITY OF MARTIN et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 29, 1965.

Joe Hobson, Prestonsburg, for appellants.

W. W. Burchett, Prestonsburg, for appellees.

PALMORE, Judge.

Several owners of real property in the city of Martin brought this action against the city and its contractor, Ramsey & Clubb Construction Company, to enjoin them from building a sewage disposal plant. The ground for relief as stated in the complaint was that if the plant is completed and put into operation it will constitute a private nuisance to each of the plaintiffs by reason of offensive odors emanating from it. The issues were joined by answer on December 7, 1964, and trial was had before the court on March 11, 1965. On the day of the trial plaintiffs moved orally for leave to amend the complaint and on the next day tendered the desired amendment with a written motion. The trial court thereafter filed an extensive written opinion and entered judgment overruling the motion to amend and dismissing the complaint on the merits. Plaintiffs appeal.

The new matter alleged in the amended complaint tendered by appellants was that the defendant city had never enacted an ordinance or adopted a resolution authorizing the construction of a sewage disposal plant or any contract for that purpose. Whereas the original complaint had sought to enjoin construction of the plant at a particular location, the amendment sought to enjoin it altogether.

CR 15.01 provides that leave to amend "shall be freely given when justice so requires." Under liberal modern practice a change in the theory on which relief is demanded is not an obstacle to amend-

ment, nor is the assertion of a new claim that could have been joined in the first instance with the claim stated in the complaint, per CR 18.01. See Clay, Kentucky Practice, CR 15.01, Note 4; Dombrovskis v. Murff, 24 F.R.D. 302 (S.D.N.Y.1959). "If no problem of relation back is involved, the question for the court is not whether a new and independent claim or 'cause of action' is pleaded by amendment but whether the just and expeditious disposition of the controversy between the parties will be advanced by permitting the amendment." Barron & Holtzoff, Federal Practice and Procedure, § 448 (Vol. 1A, p. 753). Nevertheless, by the express terms of the rule permission to amend is mandatory only if "justice so requires."

"The more common reasons for denying leave to amend are that the amendment will result in undue prejudice to the other party, is unduly delayed, is not offered in good faith, or that the party has had sufficient opportunity to state a claim and has failed." 3 Moore's Federal Practice, R15 (Par. 15.08, pp. 897–900).

■ In this instance the testimony evinced a consensus among the individual plaintiffs that the construction of a sewage disposal plant was a desirable prospect for the community. Their objections were confined to a preference that it not be established in close proximity to the particular properties owned or occupied by them. Had they wished to defeat the project entirely, it is obvious that they could and would have ascertained from the official records of the city whether the contract had been duly authorized. Hence even if it be assumed without argument that the amendment was proffered in good faith, at the very least it was an afterthought. The city did not, of course, come to the court house prepared to try the issue raised by the amendment, and for that reason it probably would have been necessary for the court to continue the hearing until a later date, even perhaps to the point of granting the city time in which to take amendatory actions ratifying or otherwise perfecting any inadequacies found to exist with respect to its official records. Meanwhile the nuisance case was ready for trial, and in our opinion justice did not require the court to delay it in order to hear the new claim. It was not vital to the plaintiffs that it be asserted in the form of an amendment; they were free to bring a separate suit. We find no error in the refusal to allow the amendment.

■ On the merits of the nuisance claim there was ample evidence to support the trial court's findings. The new plant will be located near a public septic tank that now serves a substantial part of the town and will be eliminated. Assuming that the new plant may create some odor, it can hardly be as bad as the "terrible odor" one of the plaintiffs' leading witnesses testified has existed for years in connection with the septic tank. At most, any new odor would replace the old one. The evidence given in defense indicates that it will be minimal.

■ A sewage treatment plant is not a nuisance per se. City of Harrodsburg v. Brewer, 243 Ky. 378, 48 S.W.2d 817 (1932); Bartman v. Shobe, Ky., 353 S.W.2d 550, 555 (1962). "To sustain an anticipatory injunction against a threatened nuisance there must be sufficient evidence 'that a nuisance necessarily would result from the activity.'" Associated Contr. Stone Co. v. Pewee Val. San. & Hosp., Ky., 376 S.W. 2d 316, 317 (1964); Harman v. Allen, Ky., 297 S.W.2d 59, 60 (1956). Even without the rebutting evidence produced by the city, the testimony of the plaintiffs and their witnesses fell far short of meeting this criterion.

The judgment is affirmed.

HILL, J., not sitting.