David H. KANNAPELL et al., Appellants,

v.

E. V. DULWORTH et al., Appellees.

Court of Appeals of Kentucky.

March 2, 1973.

Richard M. Trautwein, Rubin & Trautwein, Louisville, for appellants.

Frank E. Haddad, Jr., Allen Schmitt, Albert F. Reutlinger, Michael O. McDonald, John G. Carroll, Louisville, for appellees.

OSBORNE, Justice.

On January 5, 1967, the Louisville and Jefferson County Planning Commission approved the application of appellees herein for the construction of a subdivision known as "Meadows O'Dan." The subdivision was to be located in a sparsely populated section in eastern Jefferson County. Appellees' request for the establishment of the subdivision was sharply contested by appellants before the planning commission. Appellants, being property owners who lived in the near proximity of the proposed subdivision, contended that the construction of the subdivision would overly congest the prevailing road system and would pollute the existing water supply. The subdivision was approved by the planning commission. This action was appealed to the Jefferson Circuit Court and there sustained. We find no error in the action of the circuit court.

■■ Appellants first contend the commission acted on false or erroneous facts. They assert that the results obtained from the soil and percolation tests run on the tract and furnished the county Board of Health were not accurate. The record indicates that the Board of Health recommended limited approval for the subdivision on the basis of the test and this was not appealed. KRS 212.230(1)(e) sets out the procedure to be followed in appealing decisions of the Board of Health or any of its officials. No appeal was taken pursuant to this statute and we, therefore, conclude that the parties are barred from raising this question upon this appeal. To permit the question to be raised here would be to allow a collateral attack upon the action of the Board of Health. In any event, were the question properly before this court we would be limited in our review to the determination of whether or not the action of the board was arbitrary

and not supported by the evidence. See American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission, Ky., 379 S.W.2d 450. The circuit court concluded there was evidence to support the decision. The Planning and Zoning Commission, lacking expertise in this area, based its qualified approval on the recommendation of the Board of Health. True, the evidence was conflicting but we think there was abundant evidence in the record to support the decision of the board.

■ Appellants next contend that their procedural right to due process was violated because the board which conducted the hearing had undergone a change of membership before the final decision was rendered. The new Planning and Zoning Commission succeeded the one that originally conducted the hearing as the result of change of membership brought about by new members coming on the board under KRS 100.137(1). The new board had the record of the hearing available to it. There is a presumption to the effect that the board acted properly and that a member not present at the taking of evidence considered the evidence in reaching his decision. For a complete statement of the law on this see 2 Am.Jur.2d, Administrative Law, § 750, p. 650. We have previously stated that the burden is upon him who attacks the action of the agency or commission to affirmatively show that the commission acted contrary to the evidence or without properly considering the evidence. Gentry v. Ressner, Ky., 437 S.W.2d 756. We believe there was substantial evidence before the commission to support its action and the presumption is that the body which acted considered the evidence. Therefore, we believe appellants have failed to show that they did not receive due process in this respect.

■ Appellants finally argue that the court erred in refusing to enjoin the installation of the temporary sewage disposal system. Here the injunction was sought in

anticipation that the system would be defective. In order to secure an injunction under these circumstances the party is required to prove that a nuisance would be created by the action. See Harman v. Allen, Ky., 297 S.W.2d 59; Stout v. City of Martin, Ky., 395 S.W.2d 591. We believe that appellants failed to show that the installation of the system proposed would, in fact, develop into a nuisance. Under these circumstances, we do not believe they have demonstrated that they were entitled to injunctive relief at this time. Bartman v. Shobe, Ky., 353 S.W.2d 550.

Judgment affirmed.

PALMORE, C. J., and MILLIKEN, REED, STEPHENSON and STEINFELD, JJ., sitting.

All concur.