**Sarah Harper DANIELS, Appellant,**

v.

**Harvey W. DANIELS, Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1986.

Rehearing Denied March 27, 1987.

W. Stokes Harris, Jr., Lexington, for appellant.

Glen S. Bagby, Lexington, for appellee.

Before WILHOIT, COOPER and DUNN, JJ.

DUNN, Judge.

Sarah Harper Daniels appeals from the decree and judgment of the Fayette Circuit Court pursuant to its Findings of Fact and Conclusions of Law in her marriage dissolution case.

■ She raises four issues on appeal. The first issue involves the amount of child support awarded her by the court for the support and care of the parties' two children, John, age 8 at the time of the action, and Margaret, age 3. Proof showed and the court found that Sarah earned $18,616.00 in 1983 while the appellee, Harvey, earned through wages, investments and capital gains on his investments over $51,000.00. The trial court, considering the factors in KRS 403.210, awarded Sarah $600.00 per month in child support. Under the present circumstances and in view of the childrens' ages, a borderline situation is created as to the propriety of the award. In considering the disparity of rental costs of $170.00 for the mother and two children in a two bedroom duplex and $475.00 per month for the father and his companion who made no financial contribution, the award borders on an abuse of discretion that will ripen as the children grow older. This is true especially in light of the father's more comfortable life style and assuming he came into a substantial inheritance of $100,000.00 in January of 1986. These factors, as they occur, the children's sharing a bedroom as they grow older, the father's lifestyle and his inherited money, would constitute change of circumstance as to merit an increase in child support in the future.

■ Sarah next argues that the gain in value of stocks purchased during the marriage with non-marital funds is marital property. In pertinent part, KRS 403.190(2)(e) definitively excepts such gain as not being marital property by fixing as non-marital:

The increase in value of property acquired before the marriage to the extent

that such increase did not result from the efforts of the parties during marriage. The issue is better defined in the case of *Sousley v. Sousley*, Ky., 614 S.W.2d 942 (1981), which held that "income produced from non-marital property is, in fact, marital property for purposes of disposition of property pursuant to the directives of KRS 403.190." That case stated simply that net income from non-marital property would be marital property; however, a mere increase in value of non-marital property remains non-marital property. We reject appellant's novel argument that the appellee's stock market expertise resulting in the gain was developed during the marriage resulting in the gain being partly marital rather than wholly non-marital.

■ As to appellant's next argument regarding other stock purchases, the trial court properly awarded the stock purchased with non-marital money as non-marital property to Harvey. The trial court properly determined that Harvey had traced money which he had inherited to its use in the purchase of stock and, except for one trade involving the sale of one stock and the purchase of another in 1981, Harvey had kept intact the securities which he had bought from his cash inheritances. The evidence supports the trial court in its award of other stocks to Harvey and the division of other marital assets between the parties where marital funds were indeed involved. In summary, we affirm the trial court as to its division of the marital property and its awards of non-marital property.

■ Finally, Sarah argues that the court erred in listing a Merrill Lynch debt as a marital debt when it was incurred after the parties' separation. KRS 403.190(3) establishes as being presumed to be marital that property acquired after the marriage but before the decree is entered but also provides that the presumption is rebuttable. Similarly, debts so accrued are presumed to be marital debts unless the presumption is rebutted. The trial court found that out of the Merrill Lynch account the husband purchased a car, furniture and a computer. Those items were assigned to the husband

as part of his division of marital property. Since those items purchased from this account were marital property, the court found that it was only just that the debt be given marital status. We agree. The judgment of the Fayette Circuit Court is AFFIRMED.

All concur.