**William Wayne ROBERTS, Appellant,**

v.

**Ruby Bernice ROBERTS, Appellee.**

**No. 86–CA–2372–MR.**

Court of Appeals of Kentucky.

Feb. 5, 1988.

**434**

James G. LeMaster, Patrick A. Nepute, Greenebaum Doll & McDonald, Lexington for appellant.

David A. Bratt, Brown, Bucalos, Santana & Bratt, P.S.C., Lexington, for appellee.

Before HOWERTON, C.J., and McDONALD and WILHOIT, JJ.

McDONALD, Judge:

William Wayne Roberts appeals from an opinion and order of the trial court entered on September 3, 1986, increasing maintenance paid by Mr. Roberts to his former wife, Ruby Bernice Roberts, from $400 to $600 per month, and from the subsequent order entered by the trial court on September 23, 1986, modifying its earlier opinion and order to require Mr. Roberts to increase his monthly maintenance payments by $162.50, rather than the $200 initially ordered, for a total monthly maintenance payment of $562.50.

Mr. and Mrs. Roberts were married to each other for about 36 years. When they divorced in 1982, their marital property was divided equitably, and the trial court ordered Mr. Roberts to pay Mrs. Roberts $200 per month for the support of their daughter, and to pay Mrs. Roberts $400 per month for maintenance until her death, remarriage or until modified by the trial court's order. When the decree of dissolution was entered, Mr. Roberts' net monthly income was approximately $1,450. After making child support and maintenance payments, Mr. Roberts was left with roughly $850 per month for his own living expenses. During this same period of time, Mrs. Roberts had a total monthly income of approximately $772 comprised of the child support payment of $200, maintenance payment of $400, and approximately $172 in wages that Mrs. Roberts earned through her own employment as a domestic.

Shortly after the entry of the decree of dissolution, Mr. Roberts was left totally disabled by a heart attack. Thereafter, the child support payments received by Mrs. Roberts were paid by the federal government as social security benefits, and the trial court abated Mr. Roberts' child support payments. As a result of this heart attack, Mr. Roberts is unable to work and presently draws $682 per month from social security and $410 per month in pension benefits. In addition, sometime after Mr. and Mrs. Roberts divorced, Mr. Roberts remarried and, upon the death of his second wife, inherited some real property.

Mr. Roberts sold this property for approximately $60,000 and invested the sales proceeds. Mr. Roberts currently receives approximately $325 per month in interest income from this investment, which, along with his social security and pension benefits, gives Mr. Roberts a current total monthly income of about $1,417. Since Mr. Roberts continues to make the monthly maintenance payment of $400 to Mrs. Roberts, he is left with a net monthly income of approximately $1,017 which is slightly higher than the net monthly income provided by the trial court in the decree of dissolution.

Conversely, Mrs. Roberts' net monthly income has declined from the $772 per month contemplated in the decree of dissolution to about $490 per month. Mrs. Roberts has a fifth-grade education, never worked outside the home during her 36–year marriage to Mr. Roberts, and has found it difficult since the divorce to obtain employment because of her lack of skills or training. Because she suffers from cataracts, diabetes and loss of hearing in both ears, she is no longer able to perform domestic work for other people and no longer receives $172 per month she earned from such work. Mrs. Robert's daughter has reached majority, so Mrs. Roberts no longer receives monthly child support payments from social security. The daughter, who is employed on a part-time basis, continues to live with her mother, however, and contributes about $90 per month toward their living expenses. The monthly maintenance payment of $400 that Mrs. Roberts receives from Mr. Roberts, combined with the monthly contribution made by her daughter, gives Mrs. Roberts a current total monthly income of $490.

Based upon the expiration of child support payments, her own inability to work and the enhancement of Mr. Roberts' economic circumstances due to his inheritance from his second wife, Mrs. Roberts moved the trial court to increase her monthly maintenance payments from $400 per month to $625 until such time as she began to receive her own social security benefits. A review of the record reveals that, since the dissolution of the marriage, Mrs. Rob-

erts' monthly living expenses have been estimated consistently to be about $700. Even after taking into account the monthly contribution made by her daughter, Mrs. Roberts' current monthly income still falls several hundred dollars short of her estimated living expenses.

The motion to increase maintenance was reviewed by the domestic relations commissioner who found on two occasions that there was not a change in circumstances that was so substantial as to cause the original maintenance award to be unconscionable and that the court could not consider nonmarital inherited property in evaluating Mr. Roberts' ability to pay increased maintenance. Each party filed exceptions to the commissioner's recommended findings of fact and conclusions of law and submitted the matter for determination by the trial court.

The trial court amended the commissioner's recommendations concluding that, in light of the many years of marriage between the parties, the trial court originally awarded maintenance to provide the parties with almost equal amounts of monthly spendable income. The trial court noted that, since the decree of dissolution was entered, Mr. Roberts' monthly spendable income had increased from $850 per month to $1,017 while Mrs. Roberts' monthly spendable income had decreased from $772 per month to $490 per month. The trial court concluded that, once a determination is made that a spouse is entitled to maintenance under KRS 403.200, then the determination of the amount of maintenance should take into consideration all the financial resources of the parties and that, although Mr. Roberts' inheritance from his second wife is clearly not marital property, the income from that inheritance could be used in evaluating Mr. Roberts' ability to pay increased maintenance.

The trial court ordered Mr. Roberts to increase his monthly maintenance payments from $400 to $600 but, upon reconsideration, ruled that Mr. Roberts' interest income from his inheritance should be split evenly between the parties. The trial court modified its earlier order to require Mr.

Roberts to increase his monthly maintenance payment to Mrs. Roberts by $162.50 per month (one half of the interest income he was receiving from his investment of the inheritance), for a total monthly maintenance award of $562.50 until Mrs. Roberts begins receiving her own social security benefits, at which time the trial court would review its award.

■ Mr. Roberts raises two issues on appeal. First, he asserts that the inheritance received from his second spouse, and the interest earned thereon, are not property or income that can properly be considered for the purpose of increasing maintenance. We disagree.

■ Once a trial court makes the two findings required by KRS 403.200(1) and determines that a maintenance award is appropriate, the court balances the needs of the paying spouse with the needs of the receiving spouse in determining the amount of the maintenance to be awarded. The statute does not expressly or by inference exclude inherited, nonmarital property from consideration in determining the amount of maintenance to be paid. Rather, in making this determination, the statute directs the court to consider "all relevant factors" including "ability" of the spouse paying maintenance to meet his or her own needs while meeting those of the spouse receiving maintenance. It seems reasonable to conclude that one major factor the court may consider is the total estate of the paying spouse, regardless of its source, since the ability of the paying spouse to support himself arises from all the property he has. *See* R. Petrilli, *Kentucky Family Law,* § 25.11 (1987 Cum.Supp.). In *Budig v. Budig,* Ky., 481 S.W.2d 95 (1972), the former Court of Appeals of Kentucky held that there was no error committed when the trial court included gifts of property from the husband's father in calculating the husband's estate and using the husband's entire estate in determining how much maintenance to award the wife. In *Budig,* the Court cited *Colley v. Colley,* Ky., 460 S.W.2d 821 (1970), for the proposition that "the amount of the husband's estate and his ability to pay ... are material aspects" in determining a maintenance award. *Budig* went on to note that the phrase "the husband's estate" encompassed *all* of the husband's estate irrespective of the source.

Admittedly, the fact that Mr. Roberts' total estate should have been considered at the time the original maintenance award was set would not necessarily require us to conclude that the inheritance he received from his second wife four years after he and Mrs. Roberts divorced should be considered in an appraisal of his ability to pay increased maintenance under KRS 403.250. However, we did touch on this issue in *Daniels v. Daniels,* Ky.App., 726 S.W.2d 705 (1986), in considering whether the amount of child support awarded by the trial court was insufficient. In *Daniels* we stated that:

> [T]he award borders on an abuse of discretion that will ripen as the children grow older. This is true especially in light of the father's more comfortable life style and assuming he came into a substantial inheritance of $100,000 in January of 1986. These factors, as they occur, the children's sharing a bedroom as they grow older, the father's lifestyle *and his inherited money,* would constitute [sic] change of circumstance as to merit an increase in child support in the future. [Emphasis added.]

*Id.* at 706. Although we certainly do not wish to foster an atmosphere in which a long-parted spouse may move for a modification of a maintenance award simply to share the wealth with a former spouse who has fortuitously come into a large sum of money, or simply bettered his position in life through his own hard work and efforts, the spouse who is determined to be in need of maintenance has some expectation that he or she will be supported according to the standard of living established during the marriage to the extent that is possible. *Casper v. Casper,* Ky., 510 S.W.2d 253 (1974). Given the equitable outcome of this case, we do not believe the trial court abused its discretion in considering Mr. Roberts' interest income from his inheritance in evaluating his ability to pay in-

creased maintenance to Mrs. Roberts. By dividing the interest income evenly, the trial court gave Mrs. Roberts a monthly income of about $652.50, while giving Mr. Roberts a monthly income of about $754.50 and leaving the principal portion of his $60,000 inheritance untouched.

■ The second issue raised by Mr. Roberts on appeal is that Mrs. Roberts failed to show changed circumstances so substantial and continuing as to make the terms of the original maintenance award unconscionable as required by KRS 403.250. Again, we disagree. While the mere showing that Mr. Roberts received an inheritance would probably not alone be enough to warrant a change in the maintenance award, the trial court's findings that Mrs. Roberts is no longer receiving any wages from her employment as a domestic, that she is unlikely to be employed in the future due to her health, that she no longer receives social security payments for child support, and that her net monthly income is nearly $300 less than at the time of the original maintenance award, do constitute changed circumstances of a substantial and continuing nature warranting a modification of the maintenance award.

■ Mrs. Roberts argues that the trial court was not constrained by the unconscionability standard set forth in KRS 403.250 since the trial court reserved the right in the decree of dissolution to review the maintenance award upon proper motion. We take this opportunity to clarify, and agree with Mr. Roberts' assertion that KRS 403.250(1) provides the exclusive method for modification of maintenance awards unless such modification is expressly precluded or limited by the parties' separation agreement as incorporated in the decree of dissolution. We will also point out that the holding in *Dame v. Dame*, Ky., 628 S.W.2d 625 (1982), precludes modification if the maintenance award is in a fixed amount to be paid over a definite period of time. This rule was made under the rationale that the law favors finality to litigation. We comment only that while the law may favor finality, the legislature does not in this aspect. KRS 403.250(1) plainly says that "the provisions of *any* decree respecting maintenance ... may be modified...." (Emphasis ours.) *See also Bishir v. Bishir*, Ky., 698 S.W.2d 823 (1985). Here, maintenance was established in the dissolution decree but left open for review at a later time, so the issue is still governed by the standards for modification in KRS 403.250. We believe that Mrs. Roberts made the required showing of changed circumstances.

The judgment is affirmed.

All concur.