**Brenda Joyce MERCER, Appellant,**

v.

**James William MERCER, Appellee.**

**No. 91–SC–630–DG.**

Supreme Court of Kentucky.

Sept. 3, 1992.

Barry Birdwhistell, Bland, Howard & Birdwhistell, Elizabethtown, for appellant.

Keith D. Duerr, Huddleston & Van Zant, P.S.C., Elizabethtown, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals in a dissolution of marriage action where interest income from nonmarital property was treated as marital assets for the purpose of property division.

The principal issue is whether the accumulation of interest from nonmarital funds deposited in a financial institution is income and to be treated as marital property or is merely an increase in value of a nonmarital asset which is to be treated as nonmarital property.

The twenty-year marriage was dissolved in 1986 and one of the assets which the husband had received from an inheritance was approximately $20,000 in cash. The cash was always deposited in a financial savings institution and the funds were kept separate from the rest of the marital estate. At the time of the dissolution, the $20,000 deposit had grown to $60,000. The trial judge ruled that the accrued interest was marital property because the interest accumulation resulted from the joint marital efforts of the parties. The Court of Appeals majority reversed this section of the judgment and held that the accumulated interest on the $20,000 nonmarital cash inheritance was nonmarital and therefore capable of division in the dissolution.

The Court of Appeals relied on K.R.S. 403.190(2)(e) which states:

> For purposes of this chapter "marital property" means all property acquired by either spouse subsequent to the marriage except: (e) the increase in value of property acquired before the marriage to the extent that such increase did not result from the efforts of the parties during the marriage.

The Court of Appeals cited Petrilli, *Kentucky Family Law* § 24.9 at 303, in applying *Newman v. Newman*, Ky., 597 S.W.2d 137 (1980) to the effect as follows:

> Therefore, an increase in the value of an inheritance brought about solely by inflation and economic conditions where the inheritance takes place after the marriage was held to follow the property and the whole is nonmarital.

The Court of Appeals held that this case is just such a case and the interest accrued on the money was brought about solely by economic conditions and cannot be said to

be the result of the joint efforts of the parties.

■ We disagree. The interest earned on money is gross income and not an increase in the value of that money. Here there was originally $20,000 in cash received by the husband as an inheritance. The money was deposited in a savings account. The evidence indicates that the parties monitored the interest rates and made certain that the money obtained the very best interest rate at the time and moved the money from institution to institution in order to obtain the best rate. The principal was never invaded and the interest was allowed to accumulate.

■ Contrary to the view of the Court of Appeals this situation is not distinguishable from *Brunson v. Brunson,* Ky.App., 569 S.W.2d 173 (1978) or *Sousley v. Sousley,* Ky., 614 S.W.2d 942 (1981). *Brunson, supra,* held that income from farming operations on nonmarital land was marital income. *Sousley* held that the profits from a business capitalized by nonmarital property were marital because both parties participated in the operation of the business. These were cases where the income from the nonmarital property was found to be marital. Here the interest income has been realized and could have been used by the parties at any time. There is a distinct and clear difference between the increase in value of a nonmarital asset and income earned from that nonmarital asset. There is a difference between an appreciation in the value of principal and the earning of interest on principal and the accumulation of that interest. Income may be used by the parties at any time. As an example, the amount of interest must be included in gross income for tax purposes, but when an asset increases in value, the amount of the increase in value is not necessarily used by the parties and is not included in gross income for purposes of taxation. Interest income is clearly income earned on a nonmarital asset and must be treated as marital property.

The case of *Daniels v. Daniels,* Ky.App., 726 S.W.2d 705 (1986) is not applicable in this situation either in its facts or in its rationale. In *Daniels, supra,* unlike this case, there was no finding by the trial court that the increase in the value of the stocks was the result of the joint efforts of the parties. *Daniels* involved an increase in the value of stocks purchased by the husband with nonmarital funds. That increase in value was not income. The stocks were the same stocks but they simply were worth more in value because of change in economic conditions. The increase in value could not be realized or used as income until the stocks were sold. Here the interest income was liquid and could have been used by the parties at any time.

Interest income paid to someone for the use of their money is not the equivalent of an appreciation in value of a capital asset. The appreciation in value of an asset is not taxed prior to disposing of the asset, nor is it included in taxable income. Interest income on nonmarital funds can be marital.

The trial judge made a specific finding that the fact that the husband in this case was not required to use the interest over the twenty years probably resulted in greater part to the wife's intelligent management of the marital home. He further held that this interest has been subject to taxation which obviously resulted in larger taxes or smaller refunds either of which affected the marital unit which included Brenda. The trial judge found that the interest accumulation resulted from the joint marital efforts of the parties.

This Court has previously determined that there is a significant distinction between an increase in value of property which occurs without effort on the part of the owners and the increase in value of property that occurs as a result of the efforts of the parties. *See Marcum v. Marcum,* Ky., 779 S.W.2d 209 (1989) and *Goderwis v. Goderwis,* Ky., 780 S.W.2d 39 (1989). Here the trial judge made a finding of joint effort in regard to the accumulation of the interest. The Court of Appeals did not address this finding. In our view, the majority of the Court of Appeals panel incorrectly substituted their judgment for that of the trial judge.

The Court of Appeals is affirmed in its remand for the purpose of considering the husband's nonmarital contribution toward the two marital residences. The Court of Appeals is also affirmed in regard to maintenance.

The Court of Appeals misapplied K.R.S. 403.190(2)(e). The trial court found that the accumulated interest resulted from the joint efforts of the parties. Therefore, Section (E) would not apply.

■ The legal principle is clearly stated in *Sousley v. Sousley, supra,* "that income produced from nonmarital property is marital property for purposes of disposition of property pursuant to K.R.S. 403.190." However, a mere increase in value of nonmarital property remains nonmarital.

■ It is the holding of this Court that accumulated interest earned from nonmarital funds deposited in a savings account is income and is to be treated as marital property and should be appropriately divided between the parties. Such interest is not an increase in value of a nonmarital asset.

The decision of the Court of Appeals is reversed and the judgment of the trial court is reinstated in regard to accumulated interest deposited in a savings account. The Court of Appeals' decision is affirmed as to the remaining issues.

COMBS, LEIBSON, REYNOLDS and SPAIN, JJ., concur.

LAMBERT, J., dissents by separate opinion in which STEPHENS, C.J., joins.

LAMBERT, Justice, dissenting.

I dissent on grounds that the majority has misapplied KRS 403.190(2)(e). As with many statutes we are called upon to construe, this one is not a model of clarity. Nevertheless, it manifests an intention that the increase in value of nonmarital property, without efforts of the parties, be treated as nonmarital. In my view, the statute makes a clear distinction between active and passive increase in the value of a nonmarital asset.

In *Sousley v. Sousley,* Ky., 614 S.W.2d 942 (1981), the Court took pains to point out that the creation, operation and sale of the business in which the nonmarital property had been invested was the way the owner earned the family living. The Court characterized the profit from the sale as his "stock in trade." Clearly, therefore, Dr. Sousley actively used his nonmarital property as a vehicle to earn his primary living. The enhancement, therefore, was properly treated as marital. Likewise, *Brunson v. Brunson,* Ky.App., 569 S.W.2d 173 (1978), held that the increase in family net worth accumulated from income earned from a farm which was nonmarital property should be treated as marital property and properly divided between the parties. The foregoing cases stand only for the proposition that an increase in value of nonmarital property brought about by the active efforts of one or more of the parties constitutes marital property.

In contrast with *Sousley* and *Brunson* is *Daniels v. Daniels,* Ky.App., 726 S.W.2d 705 (1986). There, the Court of Appeals held that the gain in the value of stock purchased during the marriage with nonmarital funds was not marital property. Quoting KRS 403.190(2)(e), the Court held that "a mere increase in the value of nonmarital property remains nonmarital property." *Id.* at 706. This was despite an argument that the nonmarital property owner used stock market expertise developed during the marriage to bring about the increase. *Daniels* recognized the essentially passive nature of the increase in value of common stocks and disregarded any modest activity such as reviewing investment publications the owner had engaged in.

Throughout the case law, one encounters the term "income" and this is often misunderstood by courts and counsel to be decisive. Rather than permit such a superficial label to be outcome-determinative and suspend any further analysis, the intent of the statute should be applied to determine whether the increase in value resulted from "efforts of the parties" or whether it was essentially passive enhancement. There is no logical distinction between the accumulation of interest in a bank account as in

the case at bar, and the appreciation of common stock as in the *Daniels* case. In either instance, whatever activity the parties engaged in toward the enhancement was minimal and their efforts were directed toward other occupations. *Cf., Sousley v. Sousley, supra,* and *Brunson v. Brunson, supra.* The $40,000 appellee accumulated by virtue of interest income is exclusively an enhancement or appreciation of his $20,000 nonmarital property which should be assigned to him.

A final point should be made. The Internal Revenue Code treats certain gains as taxable and others as tax-deferred and others still as tax-free. This Court, in applying KRS 403.190 is not bound in any respect by the IRS Code definition of income. To the extent, however, that interest or the occurrence of an event which increases tax liability may occur, an adjustment can be made at the time of dissolution to attribute the increased tax liability to the nonmarital property owner.

STEPHENS, C.J., joins in this dissenting opinion.