Eileen MOSLEY, Appellant,

v.

David MOSLEY, Appellee.

No. 2009–CA–000177–MR.

Court of Appeals of Kentucky.

Sept. 10, 2010.

Patsy Decker, Somerset, KY, for appellant.

Heidi Schultz Powers, Somerset, KY, for appellee.

Before TAYLOR, Chief Judge; MOORE and THOMPSON, Judges.

*OPINION*

THOMPSON, Judge:

This is an action for dissolution of marriage. The single issue presented is whether the circuit court abused its discretion when it denied the appellant's motion to amend her response to the petition for dissolution of marriage to include a request for maintenance. We conclude that the motion was improperly denied and reverse and remand the case for further proceedings regarding the issue of maintenance.

After eleven years of marriage, Eileen and David Mosley separated in 2003. On July 5, 2007, David filed a petition for dissolution of marriage and, on January 8, 2008, Eileen filed her response. Premised on her assumption that the financial circumstances of the parties did not warrant maintenance, Eileen did not request maintenance.

David's deposition was taken in May 2008. He testified that his mother died in September 2007, and that he was the sole heir to her estate. The estate had not been settled. Although he indicated that he had inherited personal and real property, he did not testify as to the value. Eileen only became aware that the amount of the inheritance was $645,000 when David filed his brief in the circuit court and attached a petition for probate of the will as an exhibit. After learning that her portion of David's military retirement pension would be only $174 per month and that she would be without health care cov-

erage following the dissolution of marriage, Eileen filed a motion to amend her response to include a request for maintenance because David's assets were significantly greater than she had believed.

David opposed the motion on the basis that the amendment would cause undue delay in granting the final divorce decree and undue prejudice. Following a hearing, the circuit court denied the motion. Our resolution of the issues necessitates a review of our civil rules of procedure.

■ The amendment of pleadings in civil cases, including an action for dissolution of marriage, is governed by CR 15.01. We emphasize that although it is often recited that the granting of relief is within the trial court's discretion, the rule states that leave to amend "shall be freely given when justice so requires." CR 15.01. Thus, the discretion afforded the trial court cannot be exercised so as to deprive litigants of a just result.

To further the purpose of providing a just result to our litigants, Kentucky has adopted the view that the rule should be liberally construed. In *Stout v. City of Martin*, 395 S.W.2d 591 (Ky.1965), the Court summarized the prevailing view when considering a motion to amend a pleading when it stated:

> Under liberal modern practice a change in the theory on which relief is demanded is not an obstacle to amendment, nor is the assertion of a new claim that could have been joined in the first instance with the claim stated in the complaint, per CR 18.01. See Clay, Kentucky Practice, CR 15.01, Note 4; *Dombrovskis v. Murff*, 24 F.R.D. 302 (S.D.N.Y. 1959). 'If no problem of relation back is involved, the question for the court is not whether a new and independent claim or 'cause of action' is pleaded by amendment but whether the just and expeditious disposition of the controversy between the parties will be advanced by permitting the amendment.' Barron & Holtzoff, Federal Practice and Procedure, § 448 (Vol. 1A, p. 753). Nevertheless, by the express terms of the rule permission to amend is mandatory only if 'justice so requires.'
>
> 'The more common reasons for denying leave to amend are that the amendment will result in undue prejudice to the other party, is unduly delayed, is not offered in good faith, or that the party has had sufficient opportunity to state a claim and has failed.' 3 Moore's Federal Practice, R15 (Par. 15.08, pp. 897–900).

*Id.* at 592–593.

Subsequently, in *Shah v. American Synthetic Rubber Corporation*, 655 S.W.2d 489 (Ky.1983), the Supreme Court held that the trial court erred when it refused to permit amendment of the complaint. It stated: "There is no suggestion that the filing of this pleading could prejudice respondents nor is there any indication that the filing of the amended complaint would work an injustice." *Id.* at 493. We are compelled to reach the same conclusion.

Eileen did not become aware of David's inheritance until he filed his circuit court brief. Although his inheritance is not marital property subject to division, it is relevant to David's ability to pay maintenance while meeting his own needs. KRS 403.200(2)(f); *Roberts v. Roberts*, 744 S.W.2d 433, 436 (Ky.App.1988). Moreover, we cannot see how the additional time it will take to resolve the maintenance issue could prejudice David. The issue is straight forward and will require minimal additional evidence. If Eileen is entitled to maintenance, the injustice to her by denying her motion to amend her response is far greater than that to David by permitting the amendment.

Based on the foregoing, the order of the Pulaski Circuit Court is reversed and the case is remanded for entry of an order

permitting Eileen to amend her response to include a request for maintenance.

ALL CONCUR.