RENDERED:  SEPTEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000819-MR

PENNIE A. DETORRES                                     APPELLANT


APPEAL FROM JEFFERSON FAMILY COURT
v.       HONORABLE DEANA "DEE" C. MCDONALD, JUDGE
ACTION NO. 13-CI-501434


JOHN G. DUBARRY                                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

MAZE, JUDGE:  Pennie A. DeTorres appeals from a post-decree order of the

Jefferson Family Court denying her motion to increase the maintenance obligation

owed by John G. DuBarry.  She argues that the family court failed to consider the

lifestyle established during the marriage and DuBarry's increased ability to pay.

We find substantial evidence to support the family court's conclusion that

DeTorres failed to show a substantial and continuing change in her circumstances arising since the time of the dissolution decree. Hence, the family court did not abuse its discretion in denying her motion to modify maintenance.

The essential facts of this action are not in dispute. DeTorres and DuBarry were married in 1978 and divorced in 2013. There were three children born of the marriage, all of whom had reached the age of majority. As part of the dissolution action, the parties entered into a marital settlement agreement. In pertinent part, the agreement required DuBarry to pay $1,000 per month in maintenance until DeTorres vacated the marital residence and $2,000 per month in maintenance for a period of 102 months thereafter. The agreement also provided that DuBarry would reimburse DeTorres for her car payment until the vehicle was paid off. The family court found the provisions of the agreement to be not unconscionable and incorporated the agreement into the dissolution decree entered on August 21, 2013.[1]

On October 23, 2018, DeTorres filed a motion seeking to increase her maintenance. In the motion, DeTorres noted that DuBarry's income as a commercial airline pilot had increased from $110,000 per year in 2013 to $310,000

---

[1] The dissolution action was the subject of an unrelated appeal by DeTorres' counsel concerning the denial of an attorney's lien against the marital residence. *Stone v. DuBarry*, 513 S.W.3d 325 (Ky. 2016).

in 2018. DeTorres also stated that she continued to work as a substitute teacher with an annual income of $23,000. She also claimed expenses of $5,778 per month. Based upon the disparity between her income and expenses, DeTorres argued that she was entitled to additional maintenance for the remainder of the award.

Following a hearing, the family court denied the motion by written order entered on April 17, 2019. The court noted that DeTorres' claimed expenses were less in 2018 than at the time of the divorce in 2013. In addition, at the time the parties entered into the agreement, DeTorres assumed approximately $60,000 in marital debt. However, that debt was discharged in bankruptcy in 2016. At the time of the bankruptcy discharge, DeTorres reported monthly expenses of $3,800. The court also noted that DeTorres had incurred significant additional debt since that discharge. Based upon these facts, the court found that DeTorres' claimed expenses were unreasonable and she was likely living beyond her means. The court further concluded that the substantial increase in DuBarry's income, standing alone, was insufficient to justify an increase in DeTorres' maintenance. Therefore, the court denied DeTorres' motion to increase maintenance.

DeTorres filed motions to alter, amend or vacate the order pursuant to CR[2] 59.05 and for additional findings pursuant to CR 52.02. In an order entered on

___

[2] Kentucky Rules of Civil Procedure.

-3-

May 8, 2019, the court again reiterated that DeTorres failed to show changed circumstances so substantial and compelling as to make the terms of the maintenance award unconscionable. The court noted that DeTorres' income had increased slightly since the entry of the award in 2013 and that she is well-educated and capable of earning sufficient income to meet her reasonable needs. The court stated that DeTorres' "choice to earn a modest income does not mean [DuBarry] is required to pick up the slack because his income gives him the ability to do so." The court also noted that DeTorres' bankruptcy discharge reduced her expenses, but she continues to incur additional debt to live beyond her means. In light of these facts, the court restated its conclusions that DeTorres failed to present compelling evidence that an increase in maintenance was warranted. DeTorres now appeals from these orders.

Except where otherwise provided by statute or by agreement, the provisions of any decree respecting maintenance may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. KRS[3] 403.250(1). We review the family court's determination regarding a motion to modify maintenance for an abuse of discretion. *See Bickel v. Bickel*, 95 S.W.3d 925, 927-28 (Ky. App. 2002). We

---

[3] Kentucky Revised Statutes.

cannot substitute our judgment for the family court if there is substantial evidence supporting that court's decision. *Id.* at 928. Further, we may not set aside the family court's factual findings unless they are clearly erroneous. *See Wheeler v. Wheeler*, 154 S.W.3d 291, 296 n.16 (Ky. App. 2004).

The parties may agree to expressly preclude or limit modification of the terms of maintenance. KRS 403.180(6). In this case, the agreement provides that the amount of maintenance is modifiable pursuant to statute, but the duration shall not be modified. Thus, DeTorres' motion to increase maintenance was authorized under the terms of the agreement.

DeTorres argues that the family court erred by primarily considering only the changes in her circumstances. In its initial order, the family court stated that, the "only change in circumstances to be considered is that of the moving party." In its subsequent order, the court conceded that the income of the payor may be considered, but it is not the controlling factor. Nevertheless, DeTorres notes that in *Roberts v. Roberts*, 744 S.W.2d 433 (Ky. App. 1988), this Court held that the obligor's increased ability to pay maintenance arising after the divorce may be considered in a motion to increase maintenance. *Id.* at 436-37.

However, the Court in *Roberts* noted that "the spouse who is determined to be in need of maintenance has some expectation that he or she will be supported according to the standard of living established during the marriage to

the extent that is possible." *Id.* at 436 (citing *Casper v. Casper*, 510 S.W.2d 253 (Ky. 1974)). Thus, if a spouse is unable to support herself at the reasonable standard of living established during the marriage, the court should consider the resources of the obligor spouse to pay an increased amount of support to meet that standard. *Id.* at 437. In such cases, the parties' circumstances at the time of the decree and maintenance obligation are the *status quo* against which the changed circumstances requirement of KRS 403.250(1) is to be measured. *Rayborn v. Rayborn*, 185 S.W.3d 641, 644 (Ky. 2006). A modification is appropriate only where there has been a change in circumstances subsequent to the immediate effects of the divorce decree. *Id.*

In this case, both parties are now earning increased income since the decree, with DuBarry earning substantially more and DeTorres only slightly more. DeTorres claims that her expenses have increased, but her expenses are not more than they were at the time of dissolution. Even though DeTorres discharged a significant amount of her debt prior to filing this motion, she has continued to incur debt by living beyond her means. The family court concluded that many of these expenses were simply unreasonable and we find no basis to disturb that conclusion.

DeTorres also argues that the family court improperly imputed additional income to her. We disagree. The family court found that DeTorres has chosen to remain in a relatively low-paying position as a substitute teacher even

though her experience and education would qualify her for a higher-paying position. The court primarily focused on the fact that DeTorres continues to live beyond her income even as supplemented by maintenance. Contrary to DeTorres' argument, the family court did not impute income to her; it only observed that her circumstances had not changed significantly since the time of the decree.

We agree with the family court that DeTorres bore the burden of proving that she experienced a change in circumstances since the time of the decree. Under the circumstances, the family court did not clearly err in finding that DeTorres failed to meet that burden. Until she met the burden of proof, the family court was not obligated to consider DuBarry's increased ability to pay, since that circumstance arose well after the entry of the dissolution decree. Therefore, we conclude that the family court did not abuse its discretion in denying DeTorres' motion to increase maintenance.

Accordingly, we affirm the order of the Jefferson Family Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

William D. Tingley
Louisville, Kentucky

BRIEF FOR APPELLEE:

Diana L. Skaggs
Emily T. Cecconi
Louisville, Kentucky